IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRACY L. BINION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07CV716-SRW |
| ) | (WO) |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF OPINION**

Plaintiff Tracy L. Binion brings this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits and supplemental security income under the Social Security Act. The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). Upon review of the record and briefs submitted by the parties, the court concludes that the decision of the Commissioner is due to be reversed.

**BACKGROUND**

On March 19, 2004, plaintiff filed an application for disability insurance benefits and supplemental security income, alleging that she became disabled on August 30, 2003 because she was "going blind in [her] left eye." (R. 72). On September 29, 2005, after the claim was denied at the initial administrative levels, an ALJ conducted an administrative hearing. He conducted a supplemental hearing on January 11, 2006. The ALJ rendered a decision on

April 28, 2006. The ALJ determined that plaintiff was last insured for a period of disability and disability insurance benefits on March 31, 2000 and, therefore, that she did not meet the nondisability requirements for disability insurance benefits. The ALJ concluded that plaintiff suffered from a severe vision impairment and borderline intellectual functioning which was also severe. (R. 20). He found that plaintiff's impairments -- considered "singly or in combination" -- did not meet or equal the severity of any of the impairments in the "listings" and, further, that plaintiff retained the residual functional capacity to perform jobs existing in significant numbers in the national economy. Thus, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act. On June 29, 2007, the Appeals Council denied plaintiff's request for review.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The court does not reweigh the evidence or substitute its judgment for that of the Commissioner. Rather, the court examines the administrative decision and scrutinizes the record as a whole to determine whether substantial evidence supports the ALJ's factual findings. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Substantial evidence consists of such "relevant evidence as a reasonable person would accept as adequate to support a conclusion." Cornelius, 936 F.2d at 1145. Factual findings that are supported by substantial evidence must be upheld by the court. The ALJ's legal conclusions, however, are reviewed *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis, 985

F.2d at 531.  If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed.  Cornelius, 936 F.2d at 1145-46.

## DISCUSSION

The plaintiff argues that the Commissioner's decision is due to be reversed because, *inter alia*, the ALJ failed to evaluate plaintiff's mental impairments in accordance with 20 C.F.R. § 404.1520a.[1]  The court agrees.[2]

The Commissioner's regulations set out a specific technique that is to be used at the initial and administrative hearing levels to evaluate a claimant's mental impairments.  20 C.F.R. § 404.1520a, § 416.920a.  The Eleventh Circuit has summarized the ALJ's responsibility as follows:

> [Social Security] regulations require the ALJ to use the "special technique" dictated by the PRTF [Psychiatric Review Technique Form] for evaluating mental impairments. 20 C.F.R. § 404.1520a-(c)(3-4). This technique requires separate evaluations on a four-point scale of how the claimant's mental impairment impacts four functional areas: "activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. § 404.1520a-(e)(2).
>
> * * *
>
> [W]here a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF, append it to the decision, or incorporate its mode of analysis into his findings and

---

[1] The comparable provision in SSI cases is 20 C.F.R. § 416.920a.

[2] The court here makes no determination as to the merits of plaintiff's additional argument regarding Listing 12.05C and expresses no opinion regarding whether the medical evidence supports plaintiff's allegation of disability.  However, the court anticipates that, on remand, the Commissioner will consider all of the arguments raised by plaintiff before this court.

3

conclusions. Failure to do so requires remand.

Moore v. Barnhart, 405 F.3d 1208 (11th Cir. 2005). In Moore, the Eleventh Circuit reversed the judgment of the district court affirming the Commissioner's decision because of the ALJ's failure either to complete a PRTF or to incorporate its mode of analysis into his findings and conclusions, despite the Court's conclusion that the ALJ's credibility determination was adequate and that the ALJ's finding that Moore retained the residual functional capacity to perform her past relevant work was supported by substantial evidence. See id. at 1212, 1213. The Commissioner's regulations state that "[t]he decision *must* include a specific finding as to the degree of limitation in each of the [four identified] functional areas[.]" 20 C.F.R. § 4416.920a(e)(2)(emphasis added).

The ALJ found that plaintiff suffers from the severe impairment of borderline intellectual functioning. (R. 16, 20). Thus, it is undisputed that plaintiff has presented a "colorable" claim of a mental impairment. The Commissioner argues:

> In this case, the ALJ sufficiently incorporated the State Agency medical consultant's PRTF into his decision (TR. 15-16). The ALJ noted the State Agency medical consultant, Dr. Hunter, completed a mental residual functional capacity assessment and a PRTF (Tr. 15, 146-63). The ALJ noted Dr. Hunter opined Plaintiff had borderline intellectual functioning (Tr. 15, 151). The ALJ then indicated he adopted Dr. Hunter's assessment in his RFC finding (Tr. 18). Contrary to Plaintiff's contention, the ALJ properly incorporated the pertinent findings and conclusions based on the "technique" into the written decision.

(Commissioner's brief, p. 8)(footnote omitted).

The ALJ did refer to Dr. Hunter's PRTF in the decision. However, a careful review of the decision reveals that the ALJ did not adopt or incorporate Dr. Hunter's evaluation of the extent to which plaintiff's impairment affects her abilities in each of the four functional areas identified by the Commissioner's regulation. The ALJ noted that Dr. Hunter evaluated

plaintiff's mental impairment under Listing 12.02, when he should have instead used Listing 12.05. The ALJ then evaluated plaintiff's impairment by reference to Listing 12.05. He rejected plaintiff's IQ scores and determined that she did not manifest deficits in adaptive functioning during the developmental period and that her "longitudinal listing is inconsistent with mental retardation." (R. 16). He concluded that plaintiff's borderline intellectual functioning did not meet or equal the listing level criteria of 12.05C. (Id.).

The regulation requires that – to determine whether a claimant's mental impairment meets or is equivalent in severity to a listed mental disorder – the ALJ compare the medical findings about the impairment "*and the rating of the degree of functional limitation* to the criteria of the appropriate listed mental disorder." 20 C.F.R. § 416.920a(d)(2)(emphasis added). Even if the ALJ actually considered plaintiff's degree of limitation in each of the four identified functional areas in resolving the listing-level issue, his written decision does not expressly indicate that he did so. (R. 15-16).

Contrary to the Commissioner's argument, the ALJ did not incorporate "the pertinent findings and conclusions" into his written decision. He did not expressly adopt (or reject) Dr. Hunter's findings on the four functional areas found in Exhibit 8F (the PRTF) at Part III (R. 160). He also did not adopt Dr. Hunter's RFC assessment in its entirety. He rejected Dr. Hunter's assessment that plaintiff should work with the public and co-workers in a casual capacity, is limited to "mostly routine" work demands, and "can accept non-threatening supervision with supportive feedback." (R. 18). Additionally, the ALJ stated:

> The Administrative Law Judge also notes that the claimant's attorney used the
> moderate limitations reflected in Exhibit 7F when questioning the vocational

> expert. The vocational expert responded that these limitations would not preclude the claimant from her past relevant work or other jobs he identified. However, the Administrative Law Judge notes that these moderate limitations are not articulated in the residual functional capacity assessment. In contrast, the Administrative Law Judge has adopted the residual functional capacity assessment at Exhibit 7F, p. 3, III.

(R. 18).[3]

Plaintiff's counsel's questions to the VE appear to be based primarily on the moderate limitations identified in the broader functional areas included in the PRTF (Exhibit 8F), rather than the more specific functional tasks identified in Dr. Hunter's RFC assessment (Exhibit 7F). (Compare hearing transcript at R. 199 with PRTF at R. 160 and RFC assessment at R. 140-41). Additionally, the ALJ notes that "these moderate limitations are not articulated in the residual functional capacity assessment." (R. 18). However, it appears that the moderate limitations identified in the PRTF (Exhibit 8F) and in the mental RFC assessment form (Exhibit 7F) and incorporated in counsel's question to the VE were included in Dr. Hunter's functional capacity assessment (R. 148) in paragraphs III(3) and III (4). The ALJ's discussion of this point is somewhat confusing. While he claims to have adopted Dr. Hunter's RFC assessment, it appears that he has rejected Dr. Hunter's PRTF assessments of moderate functional limitations in the area of maintaining social functioning and, perhaps, his finding of mild limitations in activities of daily living. While he has rejected some of Dr. Hunter's findings, the ALJ has not explicitly substituted his own findings on plaintiff's degree of limitation in each of the four identified functional areas.

The ALJ's decision does not demonstrate that he adopted Dr. Hunter's reasoning as

---

[3] As noted previously, the ALJ did not fully adopt Dr. Hunter's RFC assessment.

6

set forth in the PRTF at Exhibit 8 or that he otherwise completed the detailed analysis required by 20 C.F.R. § 416.920a as to each of the four listed functional areas.  See § 416.920a(e)(2)("The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.").  Since the ALJ failed to set forth an analysis of the impact of plaintiff's borderline intellectual functioning on the four functional areas of "activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation," the court is unable to conclude that the ALJ's decision is supported by substantial evidence.   Under Moore, remand is required.

## CONCLUSION

Since plaintiff has presented a "colorable claim of mental impairment," Moore, 405 F.3d at 1214, the ALJ's failure to conduct and/or to document the analysis required by 20 C.F.R. § 416.920a requires that this action be remanded to the Commissioner for further proceedings.  Accordingly, the decision of the Commissioner is due to be REVERSED and this case is due to be REMANDED to the Commissioner with instructions to evaluate plaintiff's impairments as required by the applicable regulations.  A separate judgment will follow.

DONE, this 3rd day of September, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE